**Fadilia Magali CUCHE–ORTEGA Petitioner,**

v.

**John ASHCROFT, United States Attorney General Respondent.**

No. 02–72324.
INS. No. A75 648 103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Jan. 7, 2004.

Patricia Vargas, Esq., Vargas & Associates, Alhambra, CA, Robert K. Amaya, Esq., Law Offices of Alma Rosa Nieto, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FISHER and BYBEE, Circuit Judges, and MAHAN, District Judge.*

## MEMORANDUM **

In this immigration case, Fadilia Magali Cuche–Ortega, a native and citizen of Guatemala, seeks reversal or, in the alternative, an order vacating and remanding a decision of the Board of Immigration Appeals (BIA). The BIA affirmed the decision of an immigration judge denying for lack of credibility Cuche–Ortega's applications for asylum and withholding of removal from the United States. On appeal, Cuche–Ortega argues that the immigration judge erred in finding her not credible and denied her due process in refusing to admit Cuche–Ortega's expert witness testimony. We review this decision for substantial evidence, *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002), conclude that Cuche–Ortega received sufficient process, find that substantial evidence supports the BIA's decision, and affirm the BIA's decision.

█ The Due Process Clause of the Fifth Amendment applies to deportation and removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). Due Process requires that a petitioner receive a "full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002) (quoting *Colmenar v.*

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*INS,* 210 F.3d 967, 971 (9th Cir.2000)). The immigration judge provided Cuche–Ortega a full opportunity to testify. However, after hearing that testimony and reviewing Cuche–Ortega's inconsistent applications for asylum, the immigration judge decided that Cuche–Ortega's claims of persecution were not credible. The judge did not deny Cuche–Ortega due process in refusing to admit the testimony of her two expert witnesses, a psychologist with expertise in treating victims of persecution, and an expert on the social and political conditions in Guatemala. The immigration judge knew what the witnesses would testify to, having been provided with the witnesses' written statements prior to the hearing. The judge concluded that the witnesses could offer no independent evidence of Cuche–Ortega's claims of persecution, and excluded them. Cuche–Ortega's right to present testimony on her behalf did not require the immigration judge to hear Cuche–Ortega's expert witnesses repeat what would be irrelevant testimony in light of the judge's finding of adverse credibility. Although the psychologist arguably could have contributed relevant information to a determination of Cuche–Ortega's credibility, the immigration judge did not violate Cuche–Ortega's right to due process here by relying on the judge's own direct assessment of her credibility.

This court must affirm the BIA's determination of adverse credibility if substantial evidence supports the finding. 8 U.S.C. § 1252(b)(4)(B); *Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir. 2003) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The BIA's finding of adverse credibility should stand unless the record compels a contrary conclusion. *Monjaraz–Munoz,* 327 F.3d at 895. Here, the record is replete with examples of inconsistencies that would support a finding of adverse credibility. Most important, however, are Cuche–Ortega's inconsistent applications for asylum. Her first application, in 1993, stated that she sought asylum because she feared the guerrillas in her country, and stated that she had never been a member of a union or a political party. Her second application, in 1999, stated that she had been persecuted by the Guatemalan government because of her role in organizing a labor union. Just before her removal hearing in 2000, Cuche–Ortega filed a third application, amending her previous one, stating that she also feared persecution on the basis of her race and social group as an indigenous Mayan. Cuche–Ortega failed to provide a believable explanation for these inconsistencies at her removal hearing and the BIA reasonably rejected her claims of persecution.

DENIED.